**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL ARGEN and SURENDER MALHAN<br><br>Plaintiffs,<br><br>v.<br><br>DAVID KATZ,<br><br>Defendant. | Civil Action No. 18-963(SDW)(LDW)<br><br>**ORDER**<br><br>January 27, 2020 |

**THIS MATTER** having come before this Court upon the filing of Plaintiffs Paul Argen ("Argen") and Surender Malhan's ("Malhan") (collectively, "Plaintiffs") Fourth Motion for Order to Show Cause Why Expedited or Declaratory Relief or Preliminary Injunction Should Not Issue, and this Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78; and

**WHEREAS** Plaintiffs seek, for the fourth time, injunctive relief from the imposition of a "gag order" originally issued by former defendant Judge Donald Kessler and most recently enforced by Judge David Katz in a custody dispute currently pending in New Jersey State Court, (*see generally* D.E. 1, 64); and

**WHEREAS** this Court has previously denied the relief Plaintiffs seek in decisions issued by Judge Kevin McNulty on September 28, 2018 (D.E. 26) and May 10, 2019 (D.E. 37).[1] In those Opinions, Judge McNulty noted both that injunctive relief is unavailable under Section 1983

---

[1] These decisions were written by Judge Kevin McNulty, who handled this matter until it was reassigned to Judge Susan D. Wigenton on January 2, 2020. (D.E. 66.)

against a sitting judge, (*see* D.E. 26 at 7-8, 18-21; D.E. 37 at 10), and that Plaintiffs had failed to establish that they were likely to succeed on the merits of their claim (*see* D.E. 26 at 22; D.E. 37 at 10-11); and

**WHEREAS** Plaintiffs' current motion is largely duplicative of their prior motions and the essential facts in this matter have not changed. The state court custody trial, for which the gag order was imposed, continues. Despite having ostensibly violated the gag order, the state court still has not sanctioned Malhan. The law regarding injunctive and declaratory relief remains the same. Plaintiff still has failed to set out the elements required for a motion for preliminary injunction, *see e.g., Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citing *Ferring Pharm., Inc. v. Watson Pharm., Inc*., 765 F.3d 205, 210 (3d Cir. 2014)), including likelihood of success on the merits and likelihood of irreparable harm without the relief sought, or a factual foundation sufficient to satisfy those elements;

**WHEREAS** for the reasons set forth in Judge McNulty's prior Opinions, (D.E. 26, 37), this Court will deny Plaintiffs' request for injunctive relief;

**IT IS, on this 27th day of January, 2020,**

**ORDERED** that Plaintiffs' Fourth Motion for Order to Show Cause Why Expedited or Declaratory Relief or Preliminary Injunction Should Not Issue (D.E. 64) is **DENIED**.

**SO ORDERED**.

             /s/ Susan D. Wigenton
             **United States District Judge**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
    Parties