**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL ARGEN and SURENDER MALHAN, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID KATZ, <br><br> Defendant. | Civil Action No: 18-963(SDW)(LDW) <br><br> **OPINION** <br><br><br> July 8, 2021 |

**WIGENTON**, District Judge.

Before this Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion for summary judgment is **GRANTED** in part and **DISMISSED AS MOOT** in part and Plaintiffs' motion for summary judgment is **DENIED**.

## I.     BACKGROUND AND PROCEDURAL HISTORY

As the parties are familiar with the facts and procedural history of this dispute, this Court addresses only those facts necessary for the resolution of the instant motions. Since 2011, Plaintiff Surender Malhan ("Malhan") has been engaged in contentious divorce/custody proceedings with his wife, Alina Myronova, which have spawned extensive litigation in both state and federal

1

courts.[1] As part of those proceedings, on June 18, 2015, New Jersey Superior Court Judge Donald A. Kessler ("Judge Kessler") entered a gag order ("Gag Order") precluding the parties from "speaking with, appearing for an interview, or otherwise discussing any custody information to any reporters, journalists, newscasters or other news media employees or from posting any blogs or information not previously posted or disseminated relating to the children or any custody issue in this case pending further hearing." (D.E. 89-3 Ex. A.)[2] When entering the Gag Order, Judge Kessler noted that he had considered the interest of the parties, including Malhan's First Amendment rights, as well as "the best interest of the [two minor] children" (D.E. 86-16 at 7-8, 29.) In the following years, Judge Kessler and Defendant Judge David Katz ("Judge Katz"), to whom the case was later transferred,[3] continued to enforce the Gag Order, noting numerous times that it was necessary in order to protect the best interests of Malhan's minor children. (*See, e.g.*, D.E. 89-3 Ex. F at 2-6, Ex. G at 4-6, Ex. H at 4-10.) The custody proceedings are ongoing. (*See* D.E. 89-3 Ex. B (order dated April 6, 2021 from the New Jersey Supreme Court directing that the custody "trial commence anew" and providing "procedural terms to govern future proceedings").)

On January 23, 2018, Malhan and Paul Argen ("Argen"), (collectively, "Plaintiffs") filed suit in this Court challenging the constitutionality of the Gag Order. (D.E. 1.) Argen's connection to this case is purportedly as a member of the media, an "investigative journalist," and "advocate."

---

[1] *See e.g.*, *Family Civil Liberties Union v. New Jersey*, 837 F. App'x 864 (3d Cir. 2020); *Malhan v. Katz*, 830 F. App'x 369 (3d Cir. 2020); *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453 (3d Cir. 2019); *Allen v. Debello*, 861 F.3d 433 (3d Cir. 2017); *Edelglass v. New Jersey*, Civ No. 14-760, 2015 WL 225810 (D.N.J. Jan. 16, 2015); *Malhan v. Katz*, Civ. No. 20-8955.

[2] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs, affidavits, declarations, and statements of undisputed facts, and the documents attached to and referenced therein.

[3] Judge David Katz, who is the sole remaining named defendant in this matter, handled the case until it was transferred to Bergen County Superior Court. (D.E. 89-5 ¶ 30; D.E. 90 ¶ 30.)

(D.E. 86-3 at 1, 3.) On April 2, 2021, Plaintiffs moved for partial summary judgment. (D.E. 86-1.) Defendants cross-moved and all briefing was timely filed. (D.E. 89-1, 90-1.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's

evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x 548, 554 (3d Cir. 2002).

### III. DISCUSSION

Although Plaintiffs ask this Court to find the Gag Order unconstitutional and enjoin its enforcement, this Court must abstain from reaching the merits of Plaintiffs' claims. The *Younger* abstention doctrine requires federal courts "to abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). This doctrine "operates as an exception to a federal court's 'virtually unflagging' obligation to hear and decide cases over which it has jurisdiction." *Silver v. Ct. of Common Pleas of Allegheny Cnty.*, 802 F. App'x 55, 58 (3d

4

Cir. 2020) (quoting *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (internal citation omitted).) *Younger* abstention is, therefore, a limited doctrine that should be invoked only in exceptional circumstances where federal action would unduly interfere with pending state proceedings such as "'civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial functions.'" *Silver*, 802 F. App'x at 58 (internal citation omitted).

Here, ruling on Plaintiffs' challenge to the Gag Order would improperly interfere with the state court's ability to limit the conduct of a litigant during proceedings, which is necessary to further that "court's ability to perform its judicial functions." *Id.* In addition, as the Third Circuit recently noted in *Silver* when affirming a district court's invocation of *Younger* abstention regarding a gag order issued by a family court in a custody case, such an order also "seeks to preserve the state court's power to further one of its uniquely judicial functions – promoting and protecting the best interests of a child . . .." *Id.* Although *Silver* involved a gag order imposed after custody had been adjudicated by the court, its holding is equally, if not more applicable, where the issue of custody is still being determined and the best interests of minor children are still being evaluated.

Having determined that the state court proceeding is exceptional, "three more showings – commonly referred to as the *Middlesex* factors – are required for *Younger* abstention." *Id.*; *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Those factors require that state proceedings: 1) are "ongoing . . . and judicial in nature"; 2) "implicate important state interests"; and 3) "afford an adequate opportunity to raise federal claims." *Silver*, 802 F. App'x at 59. Here, all three factors are met. First, the custody case is still being litigated

in the New Jersey Superior Court.[4]  Second, the state litigation involves the adjudication of "family relations" which are "a traditional area of state concern" and which imposes a duty on the state to ensure the best interests of children in custody disputes.  *Id*.  Third, there is nothing that precludes Plaintiffs from raising their constitutional concerns in the New Jersey state courts and this Court is confident that the Superior Court can "fairly and fully adjudicate[e] the federal issues before it." *Id.* (citing *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975)).  Therefore, this Court must follow the dictates of *Younger* and its progeny and abstain from reaching the merits of Plaintiffs' claims.

IV.   CONCLUSION

For the reasons set forth above Plaintiffs' motion for summary judgment will be **DENIED**.  Defendant's motion for summary judgment will be **GRANTED** insofar as it seeks dismissal of this matter pursuant to the *Younger* abstention doctrine and **DISMISSED AS MOOT** as to the remainder.  An appropriate order follows.

     /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:    Leda D. Wettre, U.S.M.J.  
       Parties

---

[4] The fact that Argen is not a party to the state proceedings does not change this analysis.  Argen's claims are entirely derivative of and dependent on Malhan's because Argen wishes to publish information that Malhan would ostensibly share with him regarding the custody dispute. Whether or not that is possible will depend on whether or not the state court continues to enforce the Gag Order.