NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |
|---|---|

August 5, 2021

Paul A. Clark, Esq.
10 Huron Ave., #1N
Jersey City, NJ 07306
*Attorney for Plaintiffs*

Robert J. McGuire, Esq.
Deputy Attorney General
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
*Attorney Defendant David Katz*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:  **Argen v. Katz**
     **Civil Action No. 18-963 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff Paul Argen's ("Argen") Motion for Reconsideration of this Court's July 8, 2021 Opinion and Order ("July 8th Decision") which granted Defendant's motion for summary judgment.[1] (D.E. 93, 94.) This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

**DISCUSSION**

A.

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v.*

---

[1] Although all prior motions have been brought on behalf of both Argen and his co-plaintiff Surrender Malhan ("Malhan"), this motion appears to be brought solely by Argen, and does not seek reconsideration of the July 8th Decision as it pertains to Malhan.

*Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving for reconsideration must set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B.

The July 8th Decision identified and applied the proper legal standards for motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 and held that this Court should abstain from hearing Plaintiffs' claims pursuant to the *Younger* abstention doctrine, which requires federal courts "to abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." (D.E. 93 at 4 (citing *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010).) Argen does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, his motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. Specifically, Argen argues that because he is not a party to the underlying family court suit, *Younger* abstention does not apply to his claims and the July 8th Decision improperly precludes him from adjudicating his claims. (*See* D.E. 95-1 at 2-3.) Plaintiff's argument, however, is not a basis upon which to reconsider the July 8th Decision.

Argen contends that he has a right under the First Amendment to publish information that Malhan shares with him regarding the underlying custody dispute. However, as this Court noted in the July 8th Decision, any right Argen may have is completely dependent upon and derivative of Malhan's ability to share that information. (*See* D.E. 93 at 6 n.1.) So long as Malhan remains subject to the Gag Order, he is precluded from providing information to Argen.[2] Because this Court must abstain from reviewing the validity of the Gag Order pursuant to *Younger*, it also must abstain from reviewing Argen's claims. Although this Court recognizes the unusual facts of this case, any other outcome would be untenable, requiring this Court to simultaneously abstain from reviewing the validity of the Gag Order while reviewing the validity of the Gag Order. Having already addressed the applicability of *Younger* to Argen's claims, the current motion merely encourages this Court to "analyze the same facts and cases it already considered" to come to a different conclusion. *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000).

---

[2] This does not, of course, infringe on Argen's right to publish other information about the case, it simply prevents Argen from using Malhan as a source.

Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Accordingly, Plaintiff's motion will be denied.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration is **DENIED**. An appropriate order follows.

                                          s/ *Susan D. Wigenton*
                                          **SUSAN D. WIGENTON**
                                          **UNITED STATES DISTRICT JUDGE**

Orig:           Clerk
cc:             Leda D. Wettre, U.S.M.J.
                Parties