### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

October 18, 2022

To:   All counsel of record

### **LETTER OPINION & ORDER**

RE:   *Paul Argen, et al. v. Hon. David Katz*
      **Civil Action No. 18-cv-963-SDW-LDW**

Dear Counsel:

This matter is before the Court to enter a schedule according to which the District Court will "evaluate [plaintiff] Argen's First Amendment claim on its merits," consistent with the Third Circuit's Opinion of August 16, 2022. *Argen v. Att'y Gen. New Jersey*, No. 21-2571, 2022 WL 3369109, at *6 (3d Cir. Aug. 16, 2022). Familiarity with that decision and the procedural history of this case is presumed. Briefly, in remanding, the Third Circuit noted that, while it did not view abstention as appropriate under *Younger v. Harris*, 401 U.S. 37 (1971), the parties had made arguments in their cross-motions for summary judgment as to the merits of plaintiff Argen's First Amendment claim that should be addressed. *See Argen*, 2022 WL 3369109, at *6.

The Court has the inherent power to manage its docket. *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985). Consistent with that inherent power and the objective under Federal Rule of Civil Procedure 1 to secure the just, speedy, and inexpensive resolution of this action, the Court views the most appropriate course of action, consistent with the Circuit's remand for further proceedings, to be the presentation by summary judgment of the First Amendment merits arguments that the Court did not reach in its prior summary judgment Opinion due to abstention. (*See* ECF No. 97).

Given that more than eighteen months have passed since those arguments were previously briefed, and given the need to update the briefs for any additional precedent that has issued since the matter was brought before the Court in the Spring of 2021, and to integrate into the briefing the procedural history that has transpired since then, and to remove the abstention arguments that have been adjudicated, a new motion for summary judgment may be filed by the defendant on or before **November 10, 2022**. Plaintiff may oppose (and cross-move if it desires) on or before **November 21, 2022**. Reply may be filed on or before **December 2, 2022.**

Although the plaintiff requested that the previous motions simply be reinstated, this would not be consistent with the need to update the law, remove abstention arguments that are no longer

pertinent, and account for the procedural history since the motions were previously briefed. Therefore, in the exercise of its inherent discretion to manage its docket, the Court denies plaintiff's request in that regard.  (*See* ECF No. 106).

Plaintiff further seeks to amend its Complaint to name a new plaintiff.  (*See id.*).  Putting aside the propriety on the merits of adding a new party years after the underlying factual record has closed, this is not an appropriate application at this time due to the need to re-present the dispositive issues to the Court consistent with the Circuit's Opinion.   Furthermore, plaintiff makes no argument that the addition of a new party would alter the merits of the First Amendment argument in any way, rendering the proposed motion to amend the Complaint unrelated to the current merits briefing.

**SO ORDERED this 18th day of October 2022.**

    *s/ Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Orig:  Clerk
cc:    Counsel of Record